## Baum *versus* Reed.

1. As a general rule costs do not bear interest.

2. The exception to rule is where the party has paid the costs.

3. To bring himself within this exception the party must *show* that he has paid the costs; the mode of showing this the court may regulate by its rules.

4. Practice as to interest on costs stated.

5. McCausland *v.* Bell, 9 S. & R. 388; Rogers *v.* Burns, 3 Casey 525, recognised.

[Baum v. Reed.]

October 23th 1873.　Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ.

Error to the Court of Common Pleas of *Jefferson county :* No. 115, to October and November Term 1873.

On the 20th of December 1851, Andrew F. Baum instituted an action of ejectment against William Reed. On the 13th of May 1853 there was a verdict for the defendant. On the 27th of April 1871, the verdict fee was paid and judgment was entered on the verdict.

The defendant's bill of costs at May Term 1853, was $108.64. The correctness of this bill was verified by the defendant's affidavit and filed May 30th 1853.

On the 27th of July 1853, the defendant filed an additional bill of costs before arbitrators amounting to $71.37, duly verified by his affidavit. These bills were in addition to the docket costs.

On the 5th of April 1871 a scire facias was issued by Reed against Baum on the judgment for costs ; this writ was returned "Nihil." An alias scire facias was issued August — 1871 and returned served on Baum. On the 4th of November 1871, judgment was taken by default for want of an affidavit of defence.

The statement filed for liquidation was as follows, viz:—

"Willliam Reed's bill of costs　.　.　.　$ 71.50
"　　"　　"　　"　　"　　.　.　.　108.64
　　　　　　　　　　　　　　　　　　　　　————
　　　　　　　　　　　　　　　　　　　　　180.14
Cr. February 1854.
By application of money made on fi fa. No. 23,
　Feb. T., 1854,　.　　　.　.　　　.　$ 46.74
　　　　　　　　　　　　　　　　　　　　　————
　　　　　　　　　　　　　　　　　　　　　133.40
Interest from February 14th 1854,　.　　.　140.74
　　　　　　　　　　　　　　　　　　　　　————
　　　　　　　　　　　　　　　　　　　　　274.14
To jury fee paid by Wm. Reed,　.　.　.　4.00
　　　　　　　　　　　Debt,　.　.　$278.14
Balance of original docket costs brought forward, $21.96."

On the 21st of January 1873, a rule was granted to show cause why the judgment should not be opened.

On the 26th of March 1873, the court (Jenks, P. J.) discharged the rule.

Baum took out a writ of error and assigned the following errors.

1. The court erred in allowing interest on the costs, prior to the payment of the jury fee and judgment, entered on the verdict.

2. The court erred in allowing interest on defendant's bill of costs in the ejectment, the bills never having been taxed.

3. The court erred in allowing interest on the costs from the

24 P. F. SMITH—21

[Baum *v.* Reed.]

14th of February 1854, there being no evidence on the record that the costs were paid.

*G. A. Jenks*, for plaintiff in error.—Judgment cannot be entered until the jury fee is paid: Acts of March 29th 1805, sect. 13, 4 Smith L. 242, 2 Br. Purd. 1168, pl. 29; March 27th 1772, sect. 2, 1 Smith's L. 300, 1 Br. Purd. 818, pl. 1; Kelsey *v.* Murphy, 6 Casey 340. There was no obligation to pay the costs till they were taxed: Richardson *v.* Cassilly, 5 Watts 449. Interest is not chargeable on costs with'out payment: McCausland *v.* Bell, 9 S. & R. 388. The allowance of interest on a judgment is on the debt and not on the costs: Rogers *v.* Burns, 3 Casey 525; Hoare *v.* Allen, 2 Dallas 105, in note.

*J. Conard*, for defendant in error.

The opinion of the court was delivered, January 5th 1874, by
AGNEW, J.—It is certainly the settled general rule in this state that costs do not bear interest. The best evidence of this is the universal practice of endorsing executions. On the fi. fa. or other writ the debt is stated, followed by the date from which interest is to be computed, and then come the costs without date of interest. Such is the mode of endorsement, no matter how many years have elapsed from the entry of judgment. Even after a revival of the judgment, the same practice is pursued, the first costs being marked as on the original, and the second as on the scire facias. This rule as to interest has been recognised in McCausland *v.* Bell, 9 S. & R. 388, and Rogers *v.* Burns, 3 Casey 525. And see note to 2 Dallas 105. The reason for not charging interest on costs as a rule is that the party recovering the costs rarely pays them till he collects them on the execution. The exception to the rule is where the party has actually paid the costs himself. It would then be fair to allow him interest, as on money paid and expended. But this being the exception, a party demanding interest must show that he has actually paid the costs. The mode of showing this, the court may regulate by its rules. In this case the judgment was by default, and a liquidation by the prothonotary on the bills of costs filed alone, without proof of payment—not even the affidavit of the party either filed with the bill or filed as a means of liquidating the judgment by default. It is evident the date assumed by the officer for computing the interest on the costs was arbitrary, and not the date of payment. This is the only error worthy of notice, but for it the judgment must be reversed; and judgment is now ordered to be entered for one hundred and thirty-seven dollars and forty cents, together with the docket costs as taxed.